OPINION OF THE COURT
Raymond E. Cornelius, J.
Pursuant to CPL 210.30, motions have been made to inspect the Grand Jury minutes and dismiss the indictment, in the above case, upon the ground that the evidence before the Grand Jury was not legally sufficient to establish the commission of the offenses charged in the indictment. The court has granted the motion to inspect the Grand Jury minutes, and, after a review of said minutes, has determined that the evidence submitted to the Grand Jury was legally sufficient to establish that the defendant committed the offenses, and further, that competent and admissible evidence was submitted to provide reasonable cause to believe that the defendant committed such offenses. (CPL 190.65.)
The indictment includes criminal charges that the defendant was operating a motor vehicle while under the influence of alcohol or drugs in violation of subdivisions 2 *1058 and 3 of section 1192 of the Vehicle and Traffic Law of the State of New York. Although the court has determined that the evidence presented to the Grand Jury was legally sufficient to support these charges, the transcript of the testimony does disclose that the defendant initially declined, but subsequently consented, to the taking of a breathalyzer test, which resulted in a determination that .20% by weight of alcohol was present in the defendant’s blood within two hours of the arrest. This aspect of the Grand Jury evidence is noted because the defendant, as part of his omnibus motion, had made a motion to suppress the results of the breathalyzer test.
This particular motion to suppress, however, was not based upon any allegation that the consent was involuntary, and, in fact, the moving papers allege that a request was made to submit to the breathalyzer test and “the Defendant complied with the test”. Furthermore, the statute would seem to contemplate that a driver may be asked for his consent to take a chemical test even after an initial refusal. (See Vehicle and Traffic Law, § 1194, subd 4.) Instead, the motion to suppress is based upon the fact that the People are unable to provide the defendant with a “breath sample” for purposes of an independent analysis, as demanded as discovery under another part of the omnibus motion. In substance, counsel for the defendant argues that the law enforcement officials, who effected the arrest, should have taken two “breath samples” and preserved one such sample for analysis, on behalf of the defendant, and, furthermore, upon a failure to take a second sample, the results of the breathalyzer test should be suppressed.
As the court ruled at the conclusion of the oral argument, the clear language of the relevant statutes simply does not require a procedure as suggested by the defendant. For example, CPL 240.20 (subd 1), in relevant part, provides for discovery, upon demand, of the following property:
“(c) Any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test or experiment * * *
“(e) Any other property obtained from the defendant, or a co-defendant to be tried jointly * * *
*1059 “(g) Anything required to be disclosed, prior to trial, to the defendant by the prosecutor, pursuant to the constitution of this state or of the United States.”
Pursuant to the provisions of paragraph (c), the People have consented to provide the defendant with a report of the breathalyzer test in this case. However, a second “breath sample” was not taken, and, therefore, the People are unable to grant discovery with respect to something not in existence. In addition, the property, subject to discovery under this section, “means any existing tangible personal or real property” (CPL 240.10, subd 3; emphasis added).
Similarly, the Vehicle and Traffic Law of the State of New York does not provide for the taking and preservation of a second sample of a driver’s breath or blood. (See Vehicle and Traffic Law, §§ 1192, 1194.) Although such a requirement is not placed upon the arresting officers, subdivision 8 of section 1194 of the Vehicle and Traffic Law expressly provides as follows: “The person treated shall be permitted to have a physician of his own choosing administer a chemical test in addition to the one administered at the direction of the police officer.” Thus, the statute does make specific provision for a second sample, which could provide the basis for an independent analysis but not in the manner suggested by the defendant.
Perhaps with the recognition of the absence of any statutory authority, counsel for the defendant has attempted to elevate his request for a second “breath sample” to a constitutional level, and, in support thereof, cites Brady v Maryland (373 US 83), United States v Bryant (439 F2d 642), and also refers to a decision of at least one local criminal court. The reliance upon Brady v Maryland (supra) and its progeny is misplaced.
The concept, which has come to be known as “Brady material” actually originated in cases such as Napue v Illinois (360 US 264), Giglio v United States (405 US 150), and culminated in the leading decision of United States v Agurs (427 US 97). Stated simply, the Brady-Agurs rule requires the disclosure of certain pre-existing, favorable information or evidence within the knowledge of prosecu *1060 tion. Nevertheless, the nondisclosure or suppression of this information or evidence does not automatically result in violation of a defendant’s constitutional right to due process, but depends upon the materiality thereof. The standard of materiality, in turn, depends upon the nature of what was withheld or the circumstances accompanying the pretrial demand for discovery.
In United States v Agurs (supra), the Supreme Court set forth three situations in which the nondisclosure of Brady material may constitute a violation of the due process clause. First, if the withheld evidence is in direct conflict with testimony or other evidence, offered at trial, and thereby demonstrates the knowing introduction of false evidence, a strict standard of materiality is applied, to wit, whether there is any “reasonable likelihood” that the false testimony could have affected the judgment. Second, the nondisclosure of evidence specifically requested, as illustrated by the Brady case (supra), itself, constitutes a constitutional violation where the suppressed evidence might have affected the outcome of the trial. Finally, the nondisclosure or suppression of favorable evidence, generally requested, involves a materiality standard which is much lower, to wit, the omitted evidence creates a reasonable doubt that did not otherwise exist. Again, the Brady material covered by the three situations, as articulated in United States v Agurs (supra) refers to the nondisclosure or suppression of pre-existing, favorable evidence or information within the knowledge of the prosecution, and there is nothing contained in the rule to require the police to obtain or gather evidence. Furthermore, the fact, alone, that the evidence may be favorable, or as stated in the defendant’s moving papers, the mere fact that an “independent analysis of the breath sample could yield exculpatory evidence” does not necessarily establish materiality, and, therefore, make this issue one of constitutional magnitude.
Likewise, the case of United States v Bryant (supra) is not supportive of defendant’s position. Although the exact content of tape recordings was unknown, they had, in fact, been in existence, and would have been discoverable under Federal statutory provisions. On remand, the Federal District Court found no constitutional violation and sustained *1061 the indictment. (United States v Bryant, 331 F Supp 927.) On appeal, the same circuit court which initially made the ruling, affirmed this decision. (United States v Bryant, 448 F2d 1182.) In the pending case, a second breath sample has never existed, and, as already stated, there was no duty to collect or obtain such a sample.
For all of the above reasons, it is hereby
Ordered that the motion to dismiss the indictment is and the same is hereby denied, and it is further
Ordered that the motion to suppress the results of the breathalyzer test is and the same is hereby denied.