OPINION OF THE COURT
Betty D. Friedlander, J.
In this pretrial motion for suppression of a breathalyzer test, defendant has requested a hearing to provide him with an opportunity to present expert testimony concerning the scientific feasibility of preserving defendant’s breath sample and the scientific necessity of conducting a second analysis of defendant’s breath to establish the validity of breathalyzer test results. In support of his application, defendant presents the testimony of a forensic chemist, who states that breath samples can and should be preserved for retesting by the defendant and the police as a matter of sound scientific procedure.
The court denies defendant’s application for a hearing. As to the scientific feasibility of preserving the breath sample, the court notes that defendant’s proffer of evidence on the issue of preservability of the sample goes to the materiality of a breath sample and rests on the premise that, if preservable and hence material, the sample is potentially exculpatory evidence which must be preserved for discovery by the defendant under the due process rationale of Brady v Maryland (373 US 83), as interpreted in *638 United States v Bryant (439 F2d 642), and United States v Agurs (427 US 97). It is this premise which the court rejects. The court points out that the Brady/Bryant/Agurs rule requires only the preservation of pre-existing evidence potentially favorable to the defendant and not, as in this case, the initial identification, seeking out, and collection of material which could be evidence potentially useful to the defendant (cf. People v Rich, 118 Misc 2d 1057). The court notes that those courts which have found a constitutional duty to collect a breath sample have either blurred the distinction, between preservation of existing evidence and initial identification and collection of an evanescent substance with potential evidentiary value (cf. People v Hampton, 120 Misc 2d 757; People v Shepherd, 118 Misc 2d 365), or have ignored the ramifications, for criminal cases of all kinds, of a decision to extend the duty to preserve existing evidence to include a duty to seek out and collect items with potential evidentiary value in the first place (cf. People v Molina, 121 Misc 2d 483). In this court’s view, the imposition of a police duty to seek out and collect material for the defense, as the defendant here requests, is not a matter of constitutional mandate binding the trial court (cf. People v Rich, 118 Misc 2d, at pp 1060-1061), but a State-wide policy decision which should be implemented in another forum. As to the defendant’s evidence relating to the scientific necessity of a retest, the court notes, in addition to the above considerations relating to the collection of material for such a retest, that such evidence relates to the scientific reliability of the breathalyzer process and the accepted protocols of its use, which are now assumptions raising no question of constitutional magnitude in this State (see People v Gower, 42 NY2d 117; People v Donaldson, 36 AD2d 37); and any effort to engraft a retest requirement onto current breathalyzer procedure, again, is not a matter of constitutional mandate but a State-wide policy decision requiring action in another forum.
Hence defendant’s application for a hearing, and his underlying motion for suppression of breathalyzer test results on the grounds that the prosecution’s failure to collect a breath sample for retesting violated defendant’s due process rights, are denied.