THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER CEGELSKI, Respondent.

County Court, Monroe County, March 9, 1989

APPEARANCES OF COUNSEL

*Howard R. Relin, District Attorney (Michael Green* of counsel), for appellant. *Leland Williams* for respondent.

OPINION OF THE COURT

PATRICIA D. MARKS, J.

This is a decision on an appeal by the People of a decision to

suppress the result of a breathalyzer test on the grounds the defendant was denied a right to obtain an independent chemical test by a physician of his own choosing as provided in section 1194 (8) of the Vehicle and Traffic Law.

The court found, following a hearing, that on or about May 2, 1987 at approximately 2:20 A.M., an accident occurred during which a pedestrian was injured. The investigating officers identified the driver of the vehicle as the defendant who admitted that he had "just ran over my friend". The arresting officer concluded that the defendant was intoxicated after he observed the defendant's bloodshot and watery eyes, flushed face, strong odor of an alcoholic beverage and the defendant's walk. The defendant was placed under arrest for violation of section 1192 (3) of the Vehicle and Traffic Law.

The defendant submitted to a breathalyzer test and the result of the breathalyzer test was a finding of .13%. At approximately 3:30 in the morning, following the taking of the test and approximately one hour and 10 minutes after his arrest, the defendant requested an opportunity to have another test taken. In response to his request, the police advised him he could have an independent test taken, but would have to wait until his release. The defendant was not released from custody until 6:30 A.M., after a more extensive investigation was conducted regarding the injury caused to the pedestrian, who was struck by the defendant.

The relevant statute provides that: "The person tested shall be permitted to have a physician of his own choosing administer a chemical test in addition to the one administered at the direction of the police officer" (Vehicle and Traffic Law § 1194 [8]). The statute by its own language is permissive. It does not impose upon the police an affirmative duty to gather evidence for the accused *(see, People v Alvarez,* 70 NY2d 375, 381). The detention of the defendant for approximately 3 to 3½ hours, during a period of time that the police were investigating an incident which involved potentially serious physical injury to another, did not deprive the defendant of a meaningful opportunity to present a complete defense. The failure to provide the opportunity for the test did not violate the defendant's Federal constitutional rights *(see, California v Trombetta,* 467 US 479), nor the defendant's State constitutional rights *(see, People v Alvarez, supra).*

The right to a test, pursuant to Vehicle and Traffic Law § 1194 (8), is a statutorily created right that does not provide

any statutory remedy, nor any statutory time frame for the exercise of such right.

The remedy of suppression is an extreme one. The law provides for suppression when a party "is aggrieved by unlawful or improper acquisition of evidence" (CPL 710.20). Suppression motions are generally addressed to something that may taint the initial result or the initial process. The safeguards set forth in Vehicle and Traffic Law § 1194 guard the reliability of the initial test result to such a degree that only willful conduct by the police, which would prevent the obtaining of a second test by the defendant, should result in suppression.

While the result in this case is a .13, which brings it close to the .10 standard and may bring into question the impact of denial of a second test, the factors leading to the defendant's request for the additional test are unclear.

A court, in considering suppression of the initial test result, should look at such factors as the timing of the request for the second test, whether or not the defendant sought a second test subsequent to his release from custody and what specific assertion of that right to a second test was made.

Testimony at the suppression hearing failed to fully develop the manner in which the defendant requested the second test, whether or not the officers deliberately prevented the defendant from obtaining another test, or whether or not the defendant asked that the police make the arrangements.

Based upon the defendant's insufficient development of the facts on this issue and the fact that the statute provides no remedy for a violation of the section, nor imposes any time frame for obtaining a second, independent test, this court holds that the defendant is not entitled to suppression.

Therefore, the judgment of the Town Court, Town of Pittsford, is reversed. The matter is remitted to Town Court, Town of Pittsford for further proceedings.