OPINION OF THE COURT
W. Patrick Falvey, J.
The defendant, John R. Kirkland, was charged on Septem *39 ber 24, 1992 by the Yates County Grand Jury with two counts of operating a motor vehicle while in an intoxicated condition in violation of Vehicle and Traffic Law § 1192 (2), (3) and § 1193 (1) (c), both class E felonies.
The defendant moved by notice of omnibus motion dated November 18, 1992 for various forms of relief to and including an order of preclusion regarding the breathalyzer test. The court determined all other requests as set out in an order dated December 1, 1992 including the scheduling of a hearing to determine whether or not the defendant’s right to an independent blood test was violated thus requiring preclusion of the breathalyzer results, video tape and other tests of the defendant at trial.
A hearing in the matter was held on January 22, 1993.
The defendant testified that on July 23, 1992 he was arrested by Officer Robert Youngs of the Penn Yan Village Police for driving while intoxicated. According to court records, the arrest took place at approximately 9:05 p.m.
He further stated that upon arrest he was taken to the Yates County Sheriff’s Department where he was videotaped and submitted to a breathalyzer test at approximately 10:32 p.m. He acknowledged he was advised that he had a right to an independent test administered by a physician of his own choosing to determine or verify his blood alcohol content. He also accepted to have his own test.
The police transported the defendant to the Soldiers and Sailors Memorial Hospital for his blood test, arriving at approximately 10:48-10:50 p.m. The hospital personnel advised the defendant and Officer Youngs that they could do a blood test but it wouldn’t be a legal one because they did not have any blood alcohol custody and control forms.
The defendant then asked the police to take him to another hospital for the blood test. However, the officer refused. Thereafter at approximately 11:30 p.m. the defendant was taken before the Penn Yan Village Court where he was arraigned on the charges at approximately 12:35 a.m., July 24, 1992. He was then released on his own recognizance which was about ZVi to 4 hours after his arrest.
Geneva Towner, the hospital emergency room nurse, testified that the defendant and Officer Youngs arrived at approximately 11:00 p.m. for a blood alcohol test. However, when she prepared the paperwork, she found that the form which *40 accompanies the blood sample to the outside lab for chain of custody purposes was missing.
She explained this to both the defendant and Officer Youngs. She told the defendant the test wouldn’t be a legal test. However, she stated that blood could still be drawn but there would be no legal custody so defendant would have to take the sample himself.
Sergeant Fitzpatrick testified that at 12:00 a.m. (midnight) he told the defendant at the police station that the hospital could take blood and give him the tube so he could get his own test. However, the defendant made no response.
The issue before the court is whether the defendant was denied his right to an independent blood alcohol examination in such a manner as to require the suppression of the breathalyzer test and videotaping administered by the police department.
Vehicle and Traffic Law § 1194 (4) (b) states: "Right to additional test. The person tested shall be permitted to choose a physician to administer a chemical test in addition to the one administered at the direction of the police officer.”
This right is not the right to obtain such a test, but merely the right to the opportunity to obtain a test. If the driver cannot in fact obtain a test, through no fault of the police, it is generally considered the driver’s misfortune. (See, 4 Erwin, Defense of Drunk Driving Cases, § 30.01, at 30-2 [3d ed].) However, police actions hindering or preventing an independent test may result in a due process violation. (Id., § 30.03 [2]; § 30.04 [2], at 30-10, 30-13, respectively.)
The facts of the case at bar do not suggest that the police hindered or prevented an independent test. The defendant was properly advised of the option of an independent test, he accepted and was transported to the hospital for same. It was the emergency room nurse, not the police, who said that the test wouldn’t be legal due to the lack of a chain of custody form. The police told the defendant he still could have his blood taken and he could take the vial for his own testing. However, he did not respond to this suggestion.
It should be noted that the police, not the defendant, are required to have the test taken within two hours of arrest (Vehicle and Traffic Law § 1194 [2] [a] [1]) except upon court order. (Vehicle and Traffic Law § 1194 [3]; People v McGrath, 135 AD2d 60, affd 73 NY2d 826; People v Morse, 127 Misc 2d 468.) The two-hour time limit imposed on the People does not *41 apply to the defendant’s test provided only that the defendant’s test is performed promptly enough after the alleged offense so that its results are still relevant and of some probative value. (People v Sauve, 129 Misc 2d 666, 668-669.) This determination can only be made on a case-by-case basis. (People v Sauve, supra, at 669.) Here the defendant was released approximately four hours after arrest.
The defendant asserts that he should have been taken to another hospital. However, the police have no affirmative duty to arrange for the second test, or to transport defendant to a place where the second test may be performed. (People v Hoats, 102 Misc 2d 386.) Nor do the police have an affirmative duty to gather evidence for the accused. (See, People v Cegelski, 142 Misc 2d 1023, lv denied 74 NY2d 846 [where detention of defendant for 3 to 3Vz hours did not deny defendant right to have a second test].)
It should be noted, to the credit of the police in the case at bar, that while the defendant was in custody they did take him to the hospital for his blood test. This was a sign of good faith on the part of the police. There is no proof that the defendant was being intentionally hindered or delayed and his release some 3Vz to 4 hours after arrest did not preclude him from still procuring his own test.
The court denies the defendant’s application. The defendant’s breathalyzer results and videotape will not be suppressed for the defendant’s failure to secure his own blood test.