■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAMES R. MILLER, Appellant. [605 NYS2d 160] —White, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered July 10, 1992, upon a verdict convicting defendant of the crime of driving while intoxicated and the traffic offense of driving while ability impaired.

Defendant's first argument on this appeal is that his conviction of the crime of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) is not supported by sufficient evidence. In examining the record for legal sufficiency, the evidence must be viewed in a light most favorable to the People to determine whether there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt (see, People v Acosta, 80 NY2d 665, 672).

A violation of Vehicle and Traffic Law § 1192 (2) is established when the proof shows the defendant operated a motor vehicle while his blood alcohol content (hereinafter BAC) was .10% or more. The evidence here shows that around 9:35 P.M. on January 23, 1992, a Deputy Sheriff observed defendant's vehicle speeding. After following it for some distance, he saw the vehicle swerve from one lane of traffic to the other. At that point, he activated his emergency lights and pulled defendant over. When the officer spoke to defendant, he smelled alcohol on his breath and observed that his eyes were glassy and bloodshot and that his speech was slurred. He further related that defendant was unable to perform several field sobriety tests. In addition, an alcosensor test administered at the scene yielded a reading of .12% BAC. Another officer who arrived at the scene made the same observations regarding defendant's demeanor and appearance as the arresting officer. After his arrest, defendant was taken to the police station where a breathalyzer test was performed at approximately 10:20 P.M. The test yielded a reading of .14% BAC.

Among the foundational requirements for the admission of breathalyzer tests results is that it was properly given (see, People v Mertz, 68 NY2d 136, 148). Vehicle and Traffic Law § 1194 (9) provides that proof that the test was made by an individual possessing a permit issued by the Department of Health is presumptive evidence that the examination was properly given.

Here, the officer who administered the tests testified that he was a certified breathalyzer operator but that he did not have a current certificate due to the fact the Department of Health had not yet issued it. Instead, he presented a facsimile copy of

a memorandum from the Division of Criminal Justice Services to the Chemung County Sheriff's Department which stated that the officer had satisfactorily completed a recertification course in October 1991 and that he was duly certified to operate a breathalyzer device on January 23, 1992. County Court admitted the memorandum under the business record hearsay exception rule (CPLR 4518 [a]). Defendant maintains that this was an improper ruling.

While the document was improperly admitted under CPLR 4518 (a), since a proper foundation was not established (see, Matter of Leon RR, 48 NY2d 117, 122; Tomanelli v Lizda Realty, 174 AD2d 889), it was admissible under the best evidence rule since a proper excuse was offered for the non-production of the original certificate (see, Richardson, Evidence § 582, at 589 [Prince 10th ed]).

Defendant also argues that, since the breathalyzer test was not administered until 45 minutes after he was stopped, it did not reveal his BAC at the time he was operating his vehicle. This argument lacks substance because proof of a breathalyzer reading of .10% or more within two hours after arrest provides strong evidence of BAC during operation (see, People v Mertz, supra, at 146).

Therefore, we find that defendant's conviction of the crime of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) was supported by sufficient evidence given the proof that his BAC was .14% as shown by the chemical analysis of his breath and the evidence regarding his speech, stability and odor of his breath (see, People v Mertz, supra, at 146). We further find that when the probative force of the conflicting evidence offered by defendant and the relative strength of the conflicting inferences which can be drawn therefrom are weighed against the People's proof, the conviction is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490; People v Black, 183 AD2d 969).

At the close of the trial, defendant requested County Court to charge the jury that they could disregard the results of the breathalyzer test if they found the police officers refused his request for a second test. This request was predicated upon Vehicle and Traffic Law § 1194 (4) (b) which gives defendants an opportunity to obtain a second test from their own physician. Defendant claims he was denied this opportunity because the police refused his request to transport him to a hospital where he could have undergone a second test. Inasmuch as the police did not have an affirmative duty to do so, County

Court did not err in denying his request to charge *(see, People v Kirkland,* 157 Misc 2d 38; *People v Cegelski,* 142 Misc 2d 1023, *lv denied* 74 NY2d 846).

Defendant's last argument is that the jury's verdict of guilty of violating Vehicle and Traffic Law § 1192 (2) is inconsistent with its verdict of not guilty of violation of Vehicle and Traffic Law § 1192 (3). Whether verdicts are inconsistent is determined by examining the charge to see the essential elements of each count, as described by the trial court, and determining whether the jury's finding on those elements can be reconciled *(see, People v Loughlin,* 76 NY2d 804, 806). In this case, the verdicts are not inconsistent because, as County Court explained, Vehicle and Traffic Law § 1192 (2) and § 1192 (3) are separate crimes having distinct elements, namely, section 1192 (2) is based upon a defendant's blood alcohol content while section 1192 (3) is based upon the manner a defendant operated his vehicle and his condition. Thus, the jury's finding is easily reconciled since it could have reasonably concluded that the breathalyzer results were reliable but that based upon the testimonial evidence the People failed to prove defendant guilty of common-law driving while intoxicated *(cf., People v Carvalho,* 174 AD2d 687, *lv denied* 78 NY2d 1010).

Mercure, J. P., Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.