*55
 
 OPINION OF THE COURT
 

 Bellacosa, J.
 

 Prior to his jury trial in the Town Court of Victor, defendant moved to suppress the otherwise valid results of a consensual breathalyzer test, claiming that his statutory right to an additional, independent test was violated. Defendant had been arrested for driving while intoxicated. After being transported to the police station, he consented to a breathalyzer test being administered and requested an additional blood test upon being advised of his statutory right.
 

 The issue on this appeal is whether Vehicle and Traffic Law § 1194 (4) (b), which promulgates the defendant’s right to an independent chemical test, also imposes an affirmative duty on the police to assist an arrested individual in obtaining an independent chemical test. We conclude that defendant’s statutory right to the opportunity to obtain an independent test was not violated. Thus, we affirm the County Court order upholding defendant’s conviction in the Town Court.
 

 At approximately 2:30 a.m. on July 4, 1991, an Ontario County Deputy Sheriff, responding to a call of criminal mis
 
 *56
 
 chief, observed a vehicle on Willis Hill Road in the Town of Victor. The officer testified that the car’s headlights were not on and its right-hand tires "were just off the curb onto the stone.” When the officer stopped to check out the situation, he noticed defendant walking toward the vehicle. Defendant told the officer that he had driven the car and parked it at that spot in order "to put something in his friend’s mailbox.” When the officer placed his hand near the radiator of defendant’s parked car, that part of the car felt "hot.” The officer concluded that the car had recently been driven. Defendant was questioned and admitted to drinking a beer and driving the car.
 

 Because the officer smelled alcohol on defendant’s breath and noticed that his eyes were bloodshot, the officer asked defendant to perform a series of field sobriety exercises. Defendant failed four basic skills. After making further observations of defendant’s demeanor and appearance, the officer concluded that defendant was intoxicated and placed him under arrest for driving while intoxicated. Defendant was handcuffed and taken in a police vehicle to the police station. After being read his
 
 Miranda
 
 rights, defendant next agreed to provide a breathalyzer sample. Before administering that test, the officer informed defendant of his right also to "have an independent blood test at his own expense.” The official breathalyzer test was performed by a certified operator and reflected a .15% alcohol level in defendant’s blood. The test was conducted at 3:42 a.m., within the two-hour time period required by statute
 
 (see,
 
 Vehicle and Traffic Law § 1194 [2] [a] [1];
 
 People v McGrath,
 
 135 AD2d 60, 61, 63,
 
 affd
 
 73 NY2d 826). Because defendant repeatedly stated to the police that he intended to leave the jurisdiction, he was immediately arraigned and bail was set at $500 cash or $1,000 bond. Defendant was unable to post bond until the afternoon of July 4.
 

 Two weeks prior to trial, defendant submitted an affidavit to the Town of Victor Court in which he stated that: "After I submitted to the breathalyzer test I requested that the police permit me to obtain an independent blood test from a physician of my choosing. * * * The police did not assist me in arranging for an independent blood test, and I was unable to obtain such a test within a reasonable and relevant period of time.” The trial court denied defendant’s request for a pretrial hearing with respect to his motion to suppress the consensual, official breathalyzer test results. Defendant was tried and convicted by a jury of driving while ability impaired (Vehicle
 
 *57
 
 and Traffic Law § 1192 [1]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [2]). Ontario County Court, as the intermediate appellate court, affirmed the conviction and held that the police had no affirmative duty to arrange for or implement defendant’s request for an independent chemical test or to transport the defendant to a person or place where an independent test could be performed. A Judge of this Court granted leave to appeal.
 

 Defendant claims that the otherwise unchallenged official breathalyzer test results should have been suppressed because he was denied his statutory right to secure an independent blood test. Specifically, defendant asserts that the police have affirmative duties, which are concomitant with defendant’s statutory right to seek an independent test (see, Vehicle and Traffic Law § 1194 [4] [b]). He would add an official obligation to assist defendant in obtaining an independent blood test. He charges that the enlarged duty was breached in this case (citing
 
 People v Batista,
 
 128 Misc 2d 1054). We note that there appears to be no dispute that defendant was advised of the statutory right and, thus, find it unnecessary to decide whether the advisory prong should be added by judicial interpretative mandate. We proceed also on the assumption (though there is some factual, evidentiary dispute) that defendant asked generally to secure the independent test and for police assistance.
 

 The whole of Vehicle and Traffic Law § 1194 (4) (b) is: "Right to additional test. The person tested shall be permitted to choose a physician to administer a chemical test in addition to the one administered at the direction of the police officer.” Defendant asks that the Court interpretatively add to these words requirements for the police to assist defendant in obtaining an independent test, if one is requested. Defendant specifies at least three additional obligations not expressly prescribed in the statute: (1) the police must give notice of the right to the independent test; (2) the police must transport defendant to the doctor or hospital where the additional test would be performed or presumably arrange for an independent physician or technician to make a precinct call; and (3) the police must obtain the independent test within two hours of defendant’s arrest. Failure to comply with these interpretive add-ons, defendant argues further, should result in suppression of the unchallenged, consensual, valid and untainted breathalyzer test results.
 

 
 *58
 
 The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory "language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of [the] words” used
 
 (People ex rel. Harris v Sullivan,
 
 74 NY2d 305, 309, citing
 
 Doctors Council v New York City Employees’ Retirement Sys.,
 
 71 NY2d 669, 675;
 
 Patrolmen’s Benevolent Assn. v City of New York,
 
 41 NY2d 205, 208). Equally settled is the principle that courts are not to legislate under the guise of interpretation
 
 (see, People v Heine,
 
 9 NY2d 925, 929;
 
 see also, Bright Homes v Wright,
 
 8 NY2d 157, 162).
 

 The simple, straightforward declaration of Vehicle and Traffic Law § 1194 (4) (b) is that defendants are entitled to their own additional chemical test. The statute is starkly silent as to any implementary duties imposed on the law enforcement personnel as to notice or to direct assistance in obtaining an independent chemical test.
 

 We have firmly held that the failure of the Legislature to include a substantive, significant prescription in a statute is a strong indication that its exclusion was intended
 
 (People v Tychanski, 78
 
 NY2d 909, 911;
 
 Matter of Alonzo M. v New York City Dept. of Probation,
 
 72 NY2d 662, 665-666;
 
 see also, Pajak v Pajak,
 
 56 NY2d 394, 397; McKinney’s Cons Laws of NY, Book 1, Statutes § 74). Indeed, the omission of the substantive elements defendant would have us add to this fully integrated and comprehensive driving while intoxicated protocol compellingly suggests that the Legislature intended no such additional obligations. The statutory right is the defendant’s and so is the responsibility to take advantage of it.
 

 We hold, therefore, that law enforcement personnel are not required to arrange for an independent test or to transport defendant to a place or person where the test may be performed
 
 (see, People v Miller,
 
 199 AD2d 692, 694-695,
 
 lv denied
 
 82 NY2d 928;
 
 People v Cegelski,
 
 142 Misc 2d 1023, 1024-1025,
 
 lv denied
 
 74 NY2d 846;
 
 People v Sauve,
 
 129 Misc 2d 666, 668). Of course, the police should not impede arrested individuals from exerting or accomplishing their statutory prerogative. The authorities should even assist persons in custody with appropriate advice and communication means, e.g., a telephone call opportunity. On the other hand, we have settled the general question that the police have no affirmative duty to gather or help gather evidence for an accused
 
 (see, People v Alvarez,
 
 70 NY2d 375).
 

 
 *59
 
 Moreover, we disagree with defendant’s assertion that assistance for the independent test must be speedily undertaken so that it, too, is administered within two hours of the arrest. Vehicle and Traffic Law § 1194 (2) (a) (1), which mandates that the breathalyzer test be performed within a two-hour time period following arrest, applies only to the official test. That prerequisite is not referenced to the accused’s independent test option nor is it controlling with respect to the private, personal test
 
 (see, People v McGrath,
 
 135 AD2d 60,
 
 affd
 
 73 NY2d 826,
 
 supra).
 
 Nothing in the unambiguous language of Vehicle and Traffic Law § 1194 (4) (b) indicates that the Legislature intended to cross-reference or incorporate the official test time limitation into obtaining the independent test.
 

 This is a case involving a purely statutory right and statutory construction only. We conclude that under the circumstances presented here, there was no violation and the request for and right to the independent chemical test have no bearing on the reliability of the official breathalyzer test evidence, consensually acquired for eventual trial. Indeed, Vehicle and Traffic Law § 1195, which deals with the admissibility of chemical test results, provides only that such results shall be admissible in evidence if the test was administered in accordance with Vehicle and Traffic Law § 1194
 
 (see,
 
 Vehicle and Traffic Law § 1195). The official test complied with the statutory prescriptions in all respects, and the defendant’s right to an independent one was not transgressed. Defendant’s other contentions lack merit and require no further explication.
 

 Accordingly, the order of the County Court should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
 

 Order affirmed.