OPINION OF THE COURT
Paul E. Kowtna, J.
Defendant, by this motion, moves to dismiss as defective the instant indictment, which charges him with a violation of section 1192 of the Vehicle and Traffic Law as a class D felony. *750 (CPL 210.20 [1] [a]; 210.25 [3].) The defendant claims that a recent amendment to Vehicle and Traffic Law § 1193 (1) (c), providing that certain repeat DWI offenders are now to be prosecuted for the commission of a class D felony, does not apply to him. (See, Vehicle and Traffic Law § 1193 [1] [c] [ii], as added by L 1996, ch 652, § 1, eff Nov. 1, 1996.) In essence, the defendant argues that the Legislature, in enacting Vehicle and Traffic Law § 1193 (1) (c) (ii), never intended it to apply to a defendant’s first felony DWI conviction. Thus, although this defendant has been subject to two prior DWI convictions in the past 10 years, he contends that, since neither of them was of felony grade, the enhanced class D felony punishment embodied in the statutory amendment does not apply to him.
More specifically, the defendant contends that, in enacting clause (ii) to Vehicle and Traffic Law § 1193 (1) (c), the Legislature intended to elevate a repeat DWI offense to a class D felony only if one of a defendant’s prior DWI convictions was for a class E felony. In support of his position, the defendant relies upon the legislative history of the statute and most particularly upon the Memorandum in Support by Assemblyman Joseph E. Robach, a cosponsor of the amending legislation. The defendant suggests that these sources demonstrate that the true intention of the Legislature was to enact a graduated sentencing scheme for repeat DWI offenders, with the punishment for each subsequent DWI conviction increasing in severity by one offense classification.
In opposition to the defendant’s motion, the People also cite to the legislative Memorandum in Support of the bill. (Senate Mem in Support of L 1996, ch 652, 1996 McKinney’s Session Laws of NY, at 2588.) The People argue that this memorandum clearly indicates only that the legislation was designed to impose stiffer penalties upon repeat DWI offenders as one legislative response to "the severity of the problem of repeat DWI offenders” and the "reckless and deliberate disregard for the lives of others” which such individuals continue to demonstrate (id., at 2588). The People further suggest that at no point in the memorandum is there any indication that either of the two prior convictions within the preceding 10-year period must have been of felony grade in order for the new charge to be elevated to a class D felony.
For the reasons set forth below, the defendant’s argument is rejected and his application to dismiss the instant indictment as defective is in all respects denied.
Section 1193 (1) (c) (ii) of the Vehicle and Traffic Law now provides in relevant part that, "A person who operates a vehi *751 ele in violation of subdivision two, three or four of section eleven hundred ninety-two of this article after having been convicted of a violation of subdivision two, three or four of such section * * * twice within the preceding ten years, shall be guilty of a class D felony, and shall be punished by a fine of not less than two thousand dollars nor more than ten thousand dollars or by a period of imprisonment as provided in the penal law, or by both such fine and imprisonment.” It appears to this court that those words are clear, plain and unambiguous.
The "governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory 'language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of [the] words’ used [citations omitted].” (People v Finnegan, 85 NY2d 53, 58 [1995]; see also, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 76, 92 [a], [b]; Matter of Auerbach v Board of Educ., 86 NY2d 198, 204 [1995].) Under such circumstances, "resort may not be had to other means of interpretation.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76, at 168; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [b], at 182.) Moreover, it is equally apodictic that courts are not to legislate under the guise of interpretation. A statute should be " 'read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise’ ”. (Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 548-549 [1983], quoting Lawrence Constr. Corp. v State of New York, 293 NY 634, 639.) Thus, the Court of Appeals has "firmly held that the failure of the Legislature to include a substantive, significant prescription in a statute is a strong indication that its exclusion was intended”. (People v Finnegan, supra, at 58; see also, People v Tychanski, 78 NY2d 909, 911-912 [1991]; McKinney’s Cons Laws of NY, Book 1, Statutes § 74.)
In the instant case, the language used by the Legislature in Vehicle and Traffic Law § 1193 (1) (c) (ii) is clear, plain and unambiguous on its face. Notably, there is no grade or class modifier attached to the phrase "after having been convicted of a violation of subdivision two, three or four of [Vehicle and Traffic Law 1192] * * * twice within the preceding ten years”. Moreover, to have been "convicted” is a term of art, defined in the Criminal Procedure Law without apposite grade or class qualification. (See, CPL 1.20 [13].) Here, it is clear that what the Legislature intended when it enacted Vehicle and Traffic *752 Law § 1193 (1) (c) (ii) was "to impose increased penalties on those who are convicted of repeat crimes of Driving While Intoxicated.” (Senate Mem in Support of L 1996, ch 652, op. cit, at 2588.) Giving the clear and unambiguous terms in the statute their plain, ordinary meaning decidedly accomplishes that goal; "resort * * * to other means of interpretation” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76) is neither required nor authorized. This defendant clearly fits within the parameters plainly drawn by the statutory amendment.
Assuming arguendo that resort to other aids to statutory construction were necessary and proper here, then the legislative Memorandum in Support which accompanied the bill finally enacted is highly instructive. (See, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 95, 96, 125.) In pertinent part, that memorandum states, "Under the current law, a second DWI conviction is a Class E Felony, as are all subsequent convictions. This bill would make second and subsequent DWI convictions a Class D Felony.” (Mem in Support of L 1996, ch 652, op. cit., at 2588 [emphasis added].) Taken in the context of the stated purpose of and justification for the legislation, if anything, the foregoing indicates a legislative intention to punish repeat DWI offenders even more severely than the plain words of the law as enacted actually provide for. (See, Vehicle and Traffic Law § 1193 [1] [c] [i], [ii].) Be that as it may, inasmuch as the terms of the statute are clear and unambiguous, recourse to this portion of the legislative memorandum is not warranted or appropriate.
It appears that the defendant herein has been previously convicted twice within the preceding 10 years of criminal violations of Vehicle and Traffic Law § 1192 (2), (3) or (4), to wit: April 13, 1987 and January 18, 1995. Under the clear and unambiguous provisions of Vehicle and Traffic Law § 1193 (1) (c) (ii), this qualifies the defendant for prosecution on the instant charge as a class D felon. The defendant’s application to dismiss the instant indictment as defective is therefore in all respects denied.