OPINION OF THE COURT
Eileen N. Nadelson, J.
*1055 Ex Parte Motion to Photograph an Incarcerated Defendant
This opinion expands on the oral decision and written order entered in open court.
Defendant is charged with assault in the third degree and harassment in the second degree. Defense counsel made a request for an ex parte order permitting an investigator to photograph defendant, currently under the care of the Department of Correction, for the purpose of memorializing certain wounds allegedly inflicted on defendant by the complaining witness. Defendant asserts that the photographs are necessary because they are relevant to future litigation. The requested order permits an attorney associated with defense counsel to enter the correction areas of the Criminal Court with a camera to photograph defendant’s injuries, thereby preserving them.
The court has been unable to find any specific statutory or judicial authority that would either permit or deny defendant’s request to photograph a defendant who is in the custody of the Department of Correction. However, there is specific statutory authority that permits criminal defendants to photograph various items in the custody and control of the prosecutor.
Section 240.20 of the Criminal Procedure Law allows, upon a defendant’s demand to produce, the inspection, photographing, copying or testing of various types of property in the control of the prosecutor, which includes, inter alia, any report or document relating to the defendant’s physical condition (CPL 240.20 [1] [c]), and any photograph made by a police officer relating to the criminal action (CPL 240.20 [1] [d]). Therefore, had the police photographed the wounds in question such photographs would be made available to defendant.
The problem in the instant case is the fact that the wounds, over time, will heal, and without any photograph of them close to the time of infliction it would be difficult to evidence the nature and extent of any alleged injuries. In circumstances in which evidence is of an evanescent nature, i.e., “tending to vanish away” (A Dictionary of Modern Legal Usage [Oxford University Press 1990]), the courts have been willing to permit the People to seize property without a judicial warrant. For example, in People v Thomas (144 Misc 2d 760 [Sup Ct, Kings County 1989]), the court permitted the police to seize clothing with stains of blood on them without a warrant and prior to arrest. The court stated that the stains were “evanescent evidence . . . subject to the exigency of easy eradication,” and *1056 therefore, under the circumstances, their immediate seizure was the viable alternative given the possibility of their imminent destruction (at 764).
Further, the courts have imposed a duty on the People to collect and preserve evanescent substances with potential evidentiary value. (See generally People v Romeo, 122 Misc 2d 637 [Tompkins County Ct 1984].) This court would find it hard to justify permitting the People to collect and preserve evanescent evidence without a warrant and deny that same right to a defendant who seeks to preserve such evidence after obtaining judicial authorization.
Section 660.40 of the Criminal Procedure Law allows a defendant to make an application to the court to permit the examination of witnesses in a criminal proceeding. Such application must be in writing and state reasonable cause to believe that there are grounds for such examination. Subdivision (2) of this section also permits the photographing of the witness. Since a defendant is permitted to photograph a witness, with court authorization, it would seem absurd to deny a written request of defense counsel to photograph a defendant simply because the defendant is in governmental custody.
The order submitted by defendant provides that the photograph is to be taken “at the location and under supervision of correction officers as designated by the Corrections Department.” Because it is necessary to photograph the alleged wounds as soon as possible before they heal, and the request details that the photograph is to be made under the supervision of the Department of Correction who have custody of defendant, the court sees no reason why such request should be denied.
Based on the foregoing, the court grants defendant’s ex parte motion to photograph defendant subject to the conditions stated above.