OPINION OF THE COURT
Shirley Werner Kornreich, J.
In this petition brought by a minority shareholder after a freeze-out merger, respondents Highline Stages, LLC (Old High-line) and HS Merger Partner, LLC (New Highline)[1] move to dismiss the first and second causes of action in the petition. Respondents’ motion is granted for the reasons that follow.
I. Procedural History and Factual Background
The facts recited, which are undisputed, are taken from the petition and the documentary evidence submitted by the parties.
Petitioner, Kimberly Slayton, was (and allegedly still is) a 13.33% member of Old Highline, a New York limited liability company (LLC). On August 7, 2013, Slayton was provided written notice that, pursuant to written consents executed that same day, the holders of 86.67% of Old Highline’s equity (i.e., every other member) adopted a resolution approving a freeze-out merger whereby Old Highline would be merged into a new LLC, New Highline. By virtue of this freeze-out merger, Slayton would be tendered fair value for her equity in Old Highline and would not own any equity in New Highline.
On August 23, 2013, Slayton sent New Highline a written notice in which she dissented from the merger and demanded fair value for her equity. New Highline responded in a letter dated August 28, 2013, in which it offered $50,000 for Slayton’s equity. Slayton rejected this offer in a letter dated September 6, 2013.
Slayton commenced this special proceeding on January 13, 2014. Her petition asserts four causes of action. The first two causes of action, for a declaratory judgment and monetary damages, seek an order voiding the merger for failure to hold a *452 meeting pursuant to Limited Liability Company Law § 1002. The third and fourth causes of action, in the alternative, seek a determination of the fair value of her equity plus attorneys’ fees. On this motion, respondents ask for dismissal of the first two causes of action. They argue that Limited Liability Company Law § 407 permits LLC mergers by written consent. In opposition, Slayton argues that a meeting is always required for a merger to be valid. For the reasons set forth below, Slay-ton is wrong.
II. Discussion
Pursuant to Limited Liability Company Law § 1002 (c), before an LLC may enter into a merger agreement, a meeting to vote on the merger must be held and the members must be given 20 days’ notice of the meeting. However, Limited Liability Company Law § 407 (a) provides:
“Whenever under this chapter members of a limited liability company are required or permitted to take any action by vote, except as provided in the operating agreement,[2] such action may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken shall be signed by the members who hold the voting interests having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all of the members entitled to vote therein were present and voted” (emphasis added; see generally Overhoff v Scarp, Inc., 12 Misc 3d 350, 351 [Sup Ct, Erie County 2005] [noting that section 407 (a) “has not yet been construed by any appellate court in this state”]).
Simply put, whenever the Limited Liability Company Law requires a member vote, section 407 (a) permits written consents in lieu of a meeting so long as the requisite majority of members execute written consents. If consents in lieu of a meeting are utilized, section 407 (c) then requires “[p]rompt notice” *453 of the action authorized by the consents to be given to members who did not execute consents.[3]
Respondents argue that section 407 (a) applies to Limited Liability Company Law § 1002 (c) no differently than it applies to every other section of the Limited Liability Company Law that contains a meeting requirement. Slayton disagrees, and maintains that mergers are extraordinary and require a meeting before a member can be frozen out. Slayton argues that members should be entitled to face the other members in person to persuade them not to agree to the merger. She, however, cites no case [4] or legal principle in support of this policy-based argument. Respondents, in reply, simply argue that sections 407 (a) and 1002 (c) are unambiguous on their face and should be interpreted as such. (See People v Barden, 117 AD3d 216, 224 [1st Dept 2014]; accord People v Finnegan, 85 NY2d 53, 58 [1995] [“The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory ‘language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of (the) words’ ” (quoting People ex rel. Harris v Sullivan, 74 NY2d 305, 309 [1989])]; see Finnegan, 85 NY2d at 58 [“courts are not to legislate under the guise of interpretation”]). No appellate court has addressed this issue.
The court believes that respondents are correct. Section 1002 (c) does not contain any language providing that the required meeting comes with greater attendant rights than any other meeting required by the Limited Liability Company Law. Therefore, section 407 (a) necessarily applies to meetings under section 1002 (c). Ergo, an LLC may enter into a merger agreement without a meeting if the requisite written consents are procured, as they were in this case.
Indeed, Justice Ramos reached this conclusion when faced with this very issue. (See Stulman v John Dory LLC, 2010 NY *454 Slip Op 33911[U], *5-6 [Sup Ct, NY County 2010].) Additionally, another justice of this court considered a situation where a merger was effectuated by written consent and did not seem troubled by that notion. (See Alf Naman Real Estate Advisors, LLC v Cap Sag Devs., LLC, 2012 NY Slip Op 32559[U] [Sup Ct, NY County 2012, Mills, J.], affd 113 AD3d 525 [1st Dept 2014].)[5] Moreover, a McKinney’s Practice Commentary takes the position that “members should be able to act upon the combination transaction by written consent in accordance with Section 407, subject to the operating agreement not containing restrictions or prohibitions on the consent procedure.” (Bruce A. Rich, 2014 Practice Commentaries, McKinney’s Cons Laws of NY, Book 32A, Limited Liability Company Law at part 10.2, Pocket Part at 83.)
Based on the unambiguous language of sections 407 (a) and 1002 (c), the persuasive opinion of Justice Ramos addressing this very issue and the McKinney’s Practice Commentary, this court holds that the subject merger was valid. As a result, Slay-ton’s only remedy is to recover the fair value of her equity, a claim respondents do not move to dismiss. Prior to the preliminary conference, scheduled below, the parties, thus, are directed to meet and confer regarding the discovery required for a fair value hearing and shall also discuss whether they are amenable to mediation. Accordingly, it is ordered that the motion to dismiss by respondents Highline Stages, LLC and HS Merger Partner, LLC is granted, and the first and second causes of action in the petition are dismissed with prejudice.

. New Highline is now known as Highline States, LLC, so the respondents are referred to as Old and New Highline to avoid confusion.

. Since Old Highline does not have a written LLC agreement, the default procedures of the Limited Liability Company Law apply. (Matter of Eight of Swords, LLC, 96 AD3d 839 [2d Dept 2012].)

. Slayton was given prompt notice because she was informed the same day the consents were executed.

. Slayton’s reliance on Appleton Acquisition, LLC v National Nous. Partnership (10 NY3d 250 [2008]) is entirely misplaced. Appleton concerned the Partnership Law, which contains a meeting requirement analogous to Limited Liability Company Law § 1002 (c). However, the Partnership Law has no corollary to Limited Liability Company Law § 407 (a). Hence, whether LLC mergers can be effectuated via written consent is an issue the Partnership Law cannot elucidate. Moreover, the dicta in Appleton relied on by Slayton does not come close to reaching the issue at hand, and, in any event, the clear and unambiguous language of Limited Liability Company Law §§ 407 (a) and 1002 (c) allows mergers via written consent.

. The Appellate Division did not address the section 407 (a) issue.