OPINION OF THE COURT
Memorandum.
Application by defendant-appellant for a writ of error coram nobis is denied.
There is no merit to defendant’s claim of ineffective assistance of counsel on the appeal. Appellate counsel made a successful application in this court for leave to ¡proceed upon an abridged record “[flor good cause shown” (22 NYCRR 731.1 [b] [2]). Defendant’s present attorney contends that defendant’s appellate counsel did not read the trial transcript and, as a result of his failure to do so, he overlooked and failed to raise the argument that the lower court should have instructed the jury as to the law of justification in defense of property. Defendant’s attorney concedes, however, that defendant’s trial counsel (a different attorney from his appellate counsel) did not request this charge or make a timely objection. It is well established that where trial counsel fails to either request specific instructions with regard to a jury charge or timely object to the court’s charge as given, said contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Brunson, 1 AD3d 375 [2003], lv denied 1 NY3d 569 [2003]; People v Muhammed, 303 AD2d 424 [2003], lv denied 99 NY2d 656 [2003]; People v Hyc, 240 AD2d 431 [1997], lv denied 91 NY2d 874 [1997]; People v Samuels, 198 AD2d 384 [1993], lv denied 82 NY2d 930 [1994]). While courts at times exercise their discretion and review such claims in the interest of justice despite the fact that trial counsel failed to request such a charge or to timely object to the court’s omission to give such a charge (see People v Copeland, 216 AD2d 55 [1995]; People v Coleman, 122 AD2d 568 [1986]; People v Flores, 75 AD2d 649 [1980]), this court would not, under the instant circumstances, have been inclined to do so had defendant’s appellate counsel raised such argument on appeal. Parenthetically, the trial court did give a jury *7 instruction on justification relating to self-defense (though not defense of property).
Appellate counsel competently, though unsuccessfully, advocated defendant’s positions with regard to the alleged denial of his statutory right to a speedy trial and the propriety of his being permitted to proceed pro se in the court below (see People v Berger, 2 Misc 3d 46 [2003]). Furthermore, the facts underlying the commission of the subject assault were comparatively simple and did not require production of the trial transcript in order to permit a proper review of the issue of excessiveness of sentence. In sum, the appellate counsel did satisfy the test of “meaningful representation” (People v Stultz, 2 NY3d 277 [2004]).
Ajronin, J.E, Patterson and Golia, JJ., concur.