■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SNOWDEN, Appellant. [843 NYS2d 315]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 15, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly exercised its discretion in dismissing as "grossly unqualified" a sworn juror who was observed sleeping during trial (*see People v Simpkins*, 16 AD3d 601 [2005], *lv denied* 5 NY3d 769 [2005]; *People v Russell*, 112 AD2d 451 [1985]). Defense counsel first brought it to the court's attention that the juror had been sleeping. When questioned by the court, the juror stated that she was tired from having stayed up late, but that she had been paying attention to the proceedings. The court allowed the juror to remain. Thereafter, during the summations and charge, the court and the prosecutor saw the juror repeatedly falling asleep, with her head snapping back several times. Other jurors appeared to notice this behavior, and the court expressly stated that it unsuccessfully had sought to keep the juror alert during the court charge. In these circumstances, the court properly dismissed her. A determination made by a trial court through its unique opportunity to observe demeanor is entitled to considerable deference. Although defendant objected to discharge of the juror, he did not preserve his claim that the court should have, once again, asked the juror if she had been sleeping, and we decline to review it in the interest of justice. Were we to review this claim, we would find that further inquiry was unnecessary. In view of the court's own observations, it would not have been required to accept any repetition the juror might have made of her prior insistence that she had been awake (*see People v Russell*, 112 AD2d at 453). Thus, further inquiry would have been meaningless.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would find that although certain comments were improper, they do not provide a basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Nardelli, J.P., Gonzalez, Sweeny, McGuire and Kavanagh, JJ.