# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**436**
**KA 09-01861**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

SHAQUILLE DAVIS, ALSO KNOWN AS SHAQUILLE
L. DAVIS, DEFENDANT-APPELLANT.

---

GARY A. HORTON, PUBLIC DEFENDER, BATAVIA (BRIDGET L. FIELD OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered August 4, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [1]), defendant contends that County Court abused its discretion in denying his request for youthful offender status. We reject that contention. " 'The determination . . . whether to grant . . . youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case' " (*People v Dawson*, 71 AD3d 1490, 1490, *lv denied* 15 NY3d 749). Here, defendant attempted to rob a 64-year-old man who was out for his early morning walk and repeatedly punched him in the face, causing him to sustain a severely broken jaw that had to be wired shut for eight weeks. In light of the brutal and senseless nature of the crime, it cannot be said that the court abused its discretion in denying defendant's request for youthful offender status (*see People v Randleman*, 60 AD3d 1358, *lv denied* 12 NY3d 919; *People v Bell*, 56 AD3d 1227, *lv denied* 12 NY3d 781). We perceive no reason to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (*see People v Potter*, 13 AD3d 1191, *lv denied* 4 NY3d 889; *People v Phillips*, 289 AD2d 1021). Finally, the sentence is not unduly harsh or severe.

Entered: May 6, 2011                                        Patricia L. Morgan
                                                           Clerk of the Court