# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

584

KA 11-01018

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHARLES L. MOBLEY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 21, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) in connection with the shooting death of a non-participant in a home invasion burglary by two masked men. We conclude that the verdict, when viewed in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that there is no basis upon which to conclude that the jury failed to give the evidence the weight it should be accorded (*see id.*). The eyewitness to the shooting did not identify defendant and could identify only one of the participants by his voice. The eyewitness identified, by his voice, the nephew of another witness who observed him enter the back yard of the victim's home with defendant. That witness testified that she was in the room with her brother, defendant and her nephew when they planned to rob a person staying in a house across the street. The witness saw her brother give defendant a gun, and defendant and her nephew then left the house. Through the window, she watched them go to the back of a house where, she later learned, one of the residents was fatally shot, and she watched as they ran back to her house 10 to 15 minutes later and went to the basement with her brother. The following day, she observed her brother hand defendant the gun, and he placed it in his pocket. Police witnesses testified that a canine tracker led the police from the victim's house

to the witness's house, where defendant was found hiding in a bed, although the police left the house without making any arrests.  There is no basis upon which to disturb the credibility determinations of the jury (*see generally id.*).

We reject defendant's further contention that Supreme Court failed to provide a meaningful response to a note from the jury during deliberations asking, "Does [defendant] need to be in the house . . . to be part of the felony[?]"  In response to the court's statement to the prosecutor and defense counsel that defendant did not need to be in the house, defense counsel stated that the People's theory was that defendant was the second intruder and that "you can't have it both ways."  The court declined to provide a "yes" or "no" answer, and instead responded to the note by again reading the instructions on felony murder and accessorial liability.  Contrary to defendant's contention, the reiteration of those instructions was appropriate under the circumstances presented here (*see People v Santi*, 3 NY3d 234, 248-249), and was a meaningful response to the jury's question (*see People v Malloy*, 55 NY2d 296, 302-304, *cert denied* 459 US 847; *see generally People v O'Rama*, 78 NY2d 270, 276).

Entered:  June 13, 2014                    Frances E. Cafarell
                                           Clerk of the Court