2014-679 S CRThe People of the State of New York, Respondent, 
against
Cathy Ann Carron, Appellant.



Appeal from judgments of the Justice Court of the Town of East Hampton, Suffolk County (Lisa R. Rana, J.), rendered February 20, 2014. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated (common law), refusing to take a breath test, and speeding, respectively.




ORDERED that the judgment convicting defendant of refusing to take a breath test is reversed, on the law, the accusatory instrument charging that "offense" is dismissed, and the fine, if paid, is remitted; and it is further,
ORDERED that the judgments convicting defendant of driving while intoxicated (common law) and speeding are affirmed. 
The People charged defendant, in separate simplified traffic informations, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), speeding (Vehicle and Traffic Law § 1180 [d]) (two charges), failing to remain in lane (Vehicle and Traffic Law § 1128 [c]), and refusing to take a breath test (cf. Vehicle and Traffic Law § 1194 [1] [b]). Upon the conclusion of a jury trial, the Justice Court dismissed the charge of failing to remain in lane, and the jury found defendant guilty of driving while intoxicated (common law), refusing to take a breath test and one charge of speeding, and not guilty of the remaining charges.
Defendant's conviction of refusing to take a breath test is reversed and the accusatory instrument alleging the "offense" is dismissed. Refusing to submit to a breath test, at an arrest scene or otherwise, is not a cognizable offense (People v McMahon, 43 Misc 3d 140[A], 2014 NY Slip Op 50812[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Sorhaindo, 42 Misc 3d 140[A], 2014 NY Slip Op 50177[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Atkinson, 42 Misc 3d 139[A], 2014 NY Slip Op 50169[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Salerno, 36 Misc 3d 151[A], 2012 NY Slip Op 51699[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
We do not agree with defendant's contention that the Justice Court's discharge of a juror was an abuse of discretion. While "[a] defendant has a constitutional right to a trial by a particular jury chosen according to law, in whose selection [the defendant] has had a voice" (People v Buford, 69 NY2d 290, 297-298 [1987] [internal quotation marks and citation omitted]), the integrity of the judicial process requires that "[i]f at any time after the trial jury has [*2]been sworn . . . the court finds . . . that a juror is grossly unqualified to serve in the case . . . the court must discharge such juror" (CPL 270.35 [1] [emphasis added]). "It is a settled principle that a juror who has not heard all the evidence is grossly unqualified to render a verdict" (People v Adams, 179 AD2d 764, 765 [1992] [internal quotation marks and citation omitted]; see e.g. People v Buel, 53 AD3d 930, 931 [2008]; People v Snowden, 44 AD3d 492, 493 [2007]; People v Simmons, 31 AD3d 1051, 1053 [2006]; People v Russell, 112 AD2d 451, 453 [1985]). Here, in the course of an appropriate " probing and tactful inquiry' of the juror in the presence of counsel" (People v Robinson, 121 AD3d 1179, 1181 [2014], quoting People v Cargill, 70 NY2d 687, 689 [1987]), the court stated that it had observed the juror "nodding off continuously" over the course of an hour of testimony and repeatedly falling asleep during the following hour. The prosecutor also noted that the juror appeared to have slept during testimony (see People v Rogers, 266 AD2d 481, 482 [1999]). The juror admitted that he may have "dozed" during testimony, attributing the behavior to being "fresh out of the hospital" and feeling "tired." Although the juror also insisted "I seen and heard everything," the court clearly did not credit this representation, stating: "I can't be assured that you are not sleeping . . . I have observed you sleep." We accord great weight to the trial court's observations and credibility determinations (see People v Snowden, 44 AD3d at 493 ["(a) determination made by a trial court through its unique opportunity to observe demeanor is entitled to considerable deference"]; compare People v Rivera, 124 AD3d 917, 918 [2015] [stressing that the court "had the benefit of its own observations" as to whether a juror should be discharged], with People v Robinson, 121 AD3d at 1181 [rejecting a claim that a juror should have been discharged where the trial court had "accepted the juror's assurances that he had not fallen asleep, had heard everything that had transpired and was able to continue serving as a juror"]). Thus, it cannot be said that the Justice Court abused its discretion when it discharged the juror (see People v Bradley, 38 AD3d 793, 794 [2007]). Although the defense objected to the court's sua sponte ruling, we note that the People's interests in a fair trial must also be vindicated (see e.g. People v Cridelle, 112 AD3d 1141, 1146 [2013]).
We also find no error in the failure to afford defendant an independent blood test of her blood alcohol content (see Vehicle and Traffic Law § 1194 [4] [b]). Here, the import of the testimony of the police officer who had administered to defendant a breath test on the Intoxilyzer 5000 instrument was that defendant believed that the testing instrument did not always produce accurate or reliable results and had asked for "another test." The officer apparently understood defendant's request to be only for a second Intoxilyzer 5000 test, and on cross-examination, asked whether defendant had requested a blood test, the officer replied, "No, she did not." During her direct testimony, defendant first insisted that she had asked to be retested on the Intoxilyzer 5000 and then that she asked "multiple times" to have her blood drawn. Thus, as there is conflicting testimony as to whether defendant had actually requested a blood test, the existence of an evidentiary basis for her claim of a denial of the right is a credibility determination which, on this record, cannot be resolved in defendant's favor as a matter of law. In any event, while a person has a limited right "to choose a physician to administer a chemical test in addition to the one administered at the direction of the police officer" (Vehicle and Traffic Law § 1194 [4] [b]), "New York law requires that only one breath sample be taken" (People v Lont, 34 Misc 3d 142[A], 2012 NY Slip Op 50088[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; see 10 NYCRR § 59.5 [a]). Further, even were we to conclude that defendant did, in fact, request a blood test, there is no particular sanction for the failure to provide one:
"Vehicle and Traffic Law § 1194 (4) (b) is . . . starkly silent as to any implementary duties imposed on the law enforcement personnel as to notice or to direct assistance in obtaining an independent chemical test. . . . The statutory right is the defendant's and so is the responsibility to take advantage of it. . . . [L]aw enforcement personnel are not required to arrange for an [*3]independent test or to transport defendant to a place or person where the test may be performed" (People v Finnegan, 85 NY2d 53, 58 [1995]; see e.g. People v Miller, 199 AD2d 692, 694-695 [1993]).
Defendant was allowed to use her telephone after the test, and defendant made at least two calls and also "texted." However, there is no indication that she telephoned a physician or otherwise made any effort to obtain an independent blood test (see Finnegan, 85 NY2d at 58). In any event, as defendant was acquitted of the per se driving while intoxicated charge, the only consequence of a violation of Vehicle and Traffic Law § 1194 (4) (b) was with respect to the use of the test result in support of the common law driving while intoxicated charge (People v Lont, 34 Misc 3d 142[A], 2012 NY Slip Op 50088[U], *1), the evidentiary sufficiency of which defendant does not challenge.
Defendant's contentions with respect to the propriety of the jury charge and that certain of the prosecutor's comments on summation "were improper and prejudicial" are not preserved for appellate review (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v Berger, 7 Misc 3d 5, 6 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]), and, on the facts and circumstances of this case, we decline to review them in the interest of justice. Defendant's remaining contentions lack merit. 
Accordingly, the judgment convicting defendant of refusing to take a breath test is reversed and the accusatory instrument alleging that "offense" is dismissed, and the
judgments convicting defendant of driving while intoxicated (common law) and speeding are affirmed. 
Iannacci, J.P., and Tolbert, J., concur.
Decision Date: April 06, 2016