# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

673

KA 12-00874

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

FAHEEM ABDUL-JALEEL, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, NIXON PEABODY LLP (BRIAN J. JACEK OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered April 26, 2012. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree and assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]) arising from an incident in which he repeatedly stabbed his 13-year-old cousin with a knife. Defendant contends that County Court erred in denying his request for a missing witness charge with respect to his cousin and his aunt. Even assuming, arguendo, that the court erred in denying the request, we conclude that any error is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Fields*, 76 NY2d 761, 763; *People v Thomas*, 96 AD3d 1670, 1672, *lv denied* 19 NY3d 1002; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Contrary to defendant's further contention, we conclude that the court did not err in discharging a juror over his objection. It is well established that the trial court is generally "accorded latitude in making the findings necessary to determine whether a juror is grossly unqualified under CPL 270.35" (*People v Rodriguez*, 71 NY2d 214, 219), and that " '[a] determination whether a juror is . . . grossly unqualified, and subsequently to discharge such a juror, is left to the broad discretion of the court' " (*People v Jean-Philippe*, 101 AD3d 1582, 1582). Here, upon the court's " 'probing and tactful inquiry' into the facts of the situation" (*People v Harris*, 99 NY2d

202, 213), the juror acknowledged that she had "doz[ed] off a little bit" during defense counsel's summation and had turned to another juror to convey her concern about staying awake, and she expressed her impression that she could obtain any missed portions from the court reporter. The court found that the juror acknowledged that there was some part of defense counsel's summation that she did not hear due to nodding off or otherwise being inattentive, and discharged the juror as grossly unqualified. Recognizing that " '[t]he decision to disqualify turns on the facts of each particular case,' " and according deference to the court's evaluation of the juror's answers and demeanor, we conclude that there is no basis upon which to disturb the court's determination (*People v Chatt*, 77 AD3d 1285, 1286, *lv denied* 17 NY3d 793; *see generally People v Snowden*, 44 AD3d 492, 493, *lv denied* 9 NY3d 1039; *People v Williams*, 202 AD2d 1004, 1004).

We reject defendant's contention that the court failed to provide a meaningful response to a note from the jury during deliberations. Here, the jury, which had previously requested a readback of the elements of attempted murder in the second degree, sent another note asking whether "the element of intent [is] satisfied for determining guilt for the attempted murder charge if it is concluded from the evidence that the defend[a]nt consciously intended to cause harm that could cause death <u>and</u> there is some evidence to support the conclusion that the defend[a]nt did <u>not</u> consciously intend to murder the victim?" The jury expressed its preference for a "yes/no" answer, but also indicated that another rereading of the original instruction on the law would be acceptable, and defense counsel suggested that the court simply respond in the negative. We conclude that the court, to avoid juror confusion, did not abuse its discretion in again rereading its original instruction for attempted murder in the second degree, including a description of the element of intent, because, under the circumstances of this case, "rereading the original, proper instruction was sufficient to convey the appropriate message to reasonable jurors" (*People v Santi*, 3 NY3d 234, 249; *see People v Steinberg*, 79 NY2d 673, 684-685). Particularly in light of the phrasing of the question and the jury's apparent misstatement of the law, we conclude that the court appropriately declined to give a categorical "yes" or "no" answer in favor of providing a more expansive supplemental instruction (*see Steinberg*, 79 NY2d at 684-685; *People v Malloy*, 55 NY2d 296, 302, *cert denied* 459 US 847; *see also People v Gonzalez*, 293 NY 259, 262; *People v Mobley*, 118 AD3d 1339, 1340, *lv denied* 24 NY3d 1121). Indeed, "[i]ntent can be a difficult issue to grasp, and thus the trial court cannot be faulted for giving a broader response than defendant would have liked" (*Steinberg*, 79 NY2d at 684). Contrary to defendant's further contention, the court's explanation to the jury of its decision to reread the original instruction merely conveyed that a full explanation of the law was required and did not erroneously imply that the jury could convict defendant of attempted murder in the second degree even without the requisite intent to cause death (*see id.* at 685).

The record before us does not support defendant's further contention that the court failed to conclusively determine his age at the time of the offense and erred in sentencing him as an adult. To

the extent that defendant asserts that there is documentary evidence or other relevant proof that allegedly would establish that he was 15 years old at the time of the offense, thereby demonstrating that he should have been sentenced as a juvenile offender rather than as an adult (*see* Penal Law §§ 10.00 [18] [2]; 60.10 [1]), we conclude that defendant's remedy is to make a motion to set aside the sentence pursuant to CPL 440.20 (*see generally People v Chu-Joi*, 26 NY3d 1105, 1106-1107).

We likewise reject defendant's contention that the court abused its discretion in denying his request for youthful offender status, particularly "[i]n light of the brutal and senseless nature of the crime" (*People v Davis*, 84 AD3d 1710, 1710, *lv denied* 17 NY3d 815; *see People v Abbott*, 24 AD3d 243, 243, *lv denied* 6 NY3d 808). Here, defendant stabbed his 13-year-old cousin in the neck and upper chest multiple times, dragged her behind a vehicle in the garage where the incident occurred and tried to cover her mouth with duct tape, and left her there with severe, life-threatening wounds. Contrary to defendant's contention, the record reflects that the court properly considered the relevant facts and circumstances in denying defendant's request (*see People v Dawson*, 71 AD3d 1490, 1490-1491, *lv denied* 15 NY3d 749), including the mitigating factors presented by the defense, defendant's lack of a criminal record, the presentence report recommending denial of youthful offender status, and the gravity of the crime. In addition, under these circumstances, we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (*see e.g. People v Gibson*, 134 AD3d 1517, 1518-1519, *lv denied* 27 NY3d 1069). Finally, the sentence is not unduly harsh or severe.

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court