People v Nicorvo (2019 NY Slip Op 08338)





People v Nicorvo


2019 NY Slip Op 08338


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1129 KA 16-00852

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NICHOLAS A. NICORVO, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






MARK A. FOTI, ROCHESTER, FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (NICOLE L. KYLE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Jefferson County Court (Kim H. Martusewicz, J.), rendered October 2, 2015. Defendant was resentenced upon his conviction of attempted murder in the second degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him as a juvenile offender upon his plea of guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and, in appeal No. 2, he appeals from a resentence placing him in the custody of the New York State Office of Children and Family Services. We note at the outset that, inasmuch as the sentence in appeal No. 1 was superseded by the resentence in appeal No. 2, the appeal from the judgment in appeal No. 1 insofar as it imposed sentence must be dismissed (see People v Primm, 57 AD3d 1525, 1525 [4th Dept 2008], lv denied 12 NY3d 820 [2009]).
We reject defendant's contention that County Court erred in refusing to suppress his statements to law enforcement that were made prior to Miranda warnings being given. The evidence at the suppression hearing established that the statements were made in response to the officers' questioning of him pursuant to the emergency doctrine (see People v Harris, 129 AD3d 1522, 1522-1523 [4th Dept 2015], lv denied 27 NY3d 998 [2016]; see generally People v Doll, 21 NY3d 665, 670-671 [2013], rearg denied 22 NY3d 1053 [2014], cert denied 572 US 1022 [2014]). Contrary to defendant's further contention, the court did not abuse its discretion in declining to grant youthful offender status (see People v Abdul-Jaleel, 142 AD3d 1296, 1298-1299 [4th Dept 2016], lv denied 29 NY3d 946 [2017]), and we decline to exercise our interest of justice jurisdiction to adjudicate
defendant a youthful offender (see id. at 1299).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court